# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TROY PATTERSON,

        Petitioner,     :     Case No. 3:16-cv-98

  - vs -                          District Judge Walter Herbert Rice
                                   Magistrate Judge Michael R. Merz

TERRY TIBBALS, WARDEN,
London Correctional Institution,

                                         :

        Respondent.

## DECISION AND ORDER STAYING CASE PENDING EXHAUSTION

This habeas corpus case, brought pro se by Petitioner Troy Patterson, is before the Court for decision on the merits on the Petition (ECF No. 1), the State Court Record (ECF No. 5), the Return of Writ (ECF No. 6), and the Reply ("Traverse," ECF No. 7).

In the Return of Writ, the Warden reveals the existence of a Motion to Withdraw Plea filed in the Montgomery County Common Pleas Court eight days after the Petition was filed here. (State Court Record, ECF No. 5, PageID 288, et seq.)  The Warden advised that Judge Huffman, to whom the case is assigned, had not yet ruled on that Motion (Return, ECF No. 6, PageID 455).  A review of the online docket of the Common Pleas Court in State v. Patterson, Case No. 2010 CR 812 shows that is still the case.[1]

The Warden does not seek to have the Petition dismissed as a mixed petition with both

---

[1] www.clerk.co.montgomery.oh.us/pro, visited July 20, 2016.

1

exhausted and unexhausted claims. Nor does the Warden expressly waive any lack of exhaustion defense, but argues the case on the merits, on lack of cognizability, and on procedural default.

In his Traverse, Petitioner states "this case is currently being decided by the Ohio Court of Common Pleas" on the referenced motion to withdraw plea and "this Honorable Court would be reasonable to allow Petitioner to exhaust his pending remedies . . ." (ECF No. 7, PageID 475.)

In *Rose v. Lundy,* 455 U.S. 509 (1982), the Supreme Court held that a "mixed" habeas petition containing both exhausted and unexhausted claims must be dismissed; *accord, Pillette v. Foltz,* 824 F.2d 494 (6th Cir. 1987). That ruling had no permanently adverse consequences for petitioners until adoption of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") which put a one-year statute of limitations and a bar on successive habeas petitions in place. In 1985 the Supreme Court dealt with that difficulty by holding that district courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. It cautioned, however,

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .

> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 544 U.S. 269, 277-278 (2005). "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. *Id*. It also directs district courts to place reasonable time limits on the petitioner's trip to state court and back.

The exhaustion doctrine is not jurisdictional and is thus waivable by the State, *Ex parte Royall*, 117 U.S. 241 (1886); *Granberry v. Greer*, 481 U.S. 129 (1987). However, 28 U.S.C. § 2254(b)(3) as added by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214), provides "[a] State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." The warden may waive exhaustion by counsel's conduct which "manifested a clear and unambiguous intent to waive the requirement." *D'Ambrosio v. Bagley,* 527 F.3d 489, 496 (6th Cir. 2008). But simple failure to raise the exhaustion requirement does not, by itself, waive that requirement. *Id*. at 497, *citing Clinkscale v. Carter*, 375 F.3d 430, 436 (6th Cir. 2004); *Jackson v. Jamrog*, 411 F.3d 615, 618 (6th Cir. 2005); and *Rockwell v. Yukins*, 217 F.3d 421, 424 (6th Cir. 2000). In the absence of exceptional or unusual circumstances, principles of comity and federalism require that unexhausted claims be decided in the first instance by the state courts even if the State does not raise the defense. *O'Guinn v. Dutton*, 88 F.3d 1409 (6th Cir. 1996)(per curiam)(en banc).

3

In this case, the Court finds the pending habeas petition should be stayed to permit exhaustion of Patterson's pending motion to withdraw. The motion is supported by purportedly new evidence which Judge Huffman can consider but which this Court cannot consider unless it becomes part of the state court record. *Cullen v. Pinholster,* 563 U.S. 170 (2011). Patterson filed his new motion promptly (within weeks) after the Second District Court of Appeals advised him that a motion for new trial was not an appropriate mechanism to raise his new evidence. In any event, Patterson has no motive to delay, a factor sometimes involved when capital habeas petitioners seek a stay. See *Carter v. Mitchell*, ___ F.3d ___, 2016 U.S. App. LEXIS 12861(6th Cir. July13, 2016). This Court does not mean to imply any opinion on that motion, but merely makes the judgment that the Ohio courts should consider the new evidence first.

Accordingly, it is hereby ORDERED that this case be STAYED pending the outcome of the motion to withdraw plea now pending before Judge Mary Katherine Huffman and any appeal from that decision. The parties will keep this Court currently advised of the progress of that litigation by advising this Court of any decisions made by the Ohio courts in that matter.

The Clerk shall provide a copy of this decision to Judge Huffman.

July 20, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

Case: 3:16-cv-00098-WHR-MRM Doc #: 8 Filed: 07/21/16 Page: 5 of 5  PAGEID #: 493