# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TROY PATTERSON,

        Petitioner,      :      Case No. 3:16-cv-098

  - vs -                      District Judge Walter H. Rice
                                 Magistrate Judge Michael R. Merz

TERRY A TIBBALS, Warden,
London Correctional Institution,

                               :

        Respondent.

## REPORT AND RECOMMENDATIONS

Petitioner Troy Patterson brought this habeas corpus action to obtain relief from his conviction on one count of aggravated robbery and one count of aggravated burglary in the Montgomery County Court of Common Pleas (Petition, ECF No. 1, PageID 1). Patterson pleaded guilty pursuant to a negotiated plea agreement and was sentenced to eight years imprisonment on August 20, 2013.

**Procedural History**

On August 11, 2011, Patterson was indicted by a Montgomery County grand jury on two counts of aggravated burglary (Ohio Rev. Code § 2911.11(A)(1-2) (Counts 1-2); five counts of aggravated robbery (Ohio Rev. Code § 2911.01(A)(1, 3) (Counts 3-7); five counts of kidnapping (Ohio Revised Code § 2905.01(A)(2)) (Counts 8-12); and five counts of felonious assault (Ohio

Revised Code §§ 2903.11(A)(1-2)) (Counts 13-17) (Indictment, State Court Record, ECF No. 5, PageID 23 et seq.) Each count carried a firearm specification. *Id.* The charges stemmed from an October 2007 home invasion.

Two years after the Indictment was handed down, Patterson pleaded guilty to one count of aggravated burglary and one count of aggravated robbery with the remaining counts and all firearm specifications dismissed. Prior to sentencing, but after having obtained new counsel, Patterson moved to withdraw his plea on the basis that two of the victim witnesses, Charlene and James Easterling, had recanted the identification of Patterson that they had made at the time of the crime. New counsel also claimed prior counsel had pressured Patterson into accepting the plea agreement.

The trial court held a hearing on the motion to withdraw and concluded that Patterson's testimony was not credible, that the plea was valid, and that original trial counsel, H. Charles Wagner, had not provided ineffective assistance (Transcript, State Court Record, ECF No. 5, PageID 78).

With new appointed counsel, Patterson appealed to the Second District Court of Appeals. That court affirmed the conviction and sentence. *State v. Patterson*, 2nd Dist. Montgomery No. 26015, 2014-Ohio-4962 (Nov. 7, 2014), *appellate jurisdiction declined*, 142 Ohio St. 3d 1450 (2015).

On March 24, 2015, Patterson filed a motion for leave to file a motion for new trial based on new evidence from Jamie Harris and Shawn McLean. The trial court denied the motion and Patterson appealed, the Second District affirmed, *State v. Patterson*, 2nd Dist. Montgomery No. 26723, 2016-Ohio-839 (Mar. 2, 2016), and Patterson did not appeal further to the Ohio Supreme Court.

On March 3, 2016, Patterson moved to withdraw his guilty plea on the basis of the Harris

letter, the affidavit of Shawn McLean, and a new affidavit from Michael Harris. The trial court had not yet ruled on that motion when Patterson filed this case three weeks later on March 22, 2016.

In his original Petition, Patterson pleaded two grounds for relief:

> **Ground One:** Denial of Effective Assistance of Trial Counsel
>
> **Supporting Facts:** The negoiated [sic]Plea in this case is the direct result of then counsel Charles Wagner coercement [sic] to get Petitioner Troy Patterson to enter into a negoiated [sic] Plea agreement with the State of Ohio that simply was not true. Petitioner asserts the pretense that he accepted a Plea was in error, Wherefore, Trial counsel provided {False} advice to Petitioner Troy Patterson in a attempt to reach a guilty plea in this case. The Second District Court of appeals decision to affirm the trial courts denial of effective assistance of was a unreasonable application of clearly well established Federal law and therefor cognizable for Habeas Corpus Review.
>
> **Ground Two:** Denied Access to the Due Process and Equal Protection Clause of Ohio Law
>
> **Supporting Facts:** The Second District Court of Appeasl [sic] in this case denied Petitioner the Equal Protection to Ohio Law, when it affirmed the trial court's decision by Overruling Petitoners [sic] Motion to Withdraw. Furthermore, the facts demonstrate that Petitioner Pled Guilty on the 20th of August 2013, his then Attorney withdrew on the 3rd September, therefore Petitioner should have been able to withdraw his Negoiated [sic] Plea aggrement [sic] particularly based on counsel withdraw as he was scheduled to on September 19th 2013 under the advisement of the Attorney Charles Wagner who corerced [sic] Petitioner to accept the plea agreement.

(Petition, ECF No. 1, PageID 4.)

After Respondent filed an Answer, Patterson filed his Traverse in which he sought a stay of this case pending exhaustion of his state court remedies (ECF No. 7). The Magistrate Judge then stayed this case pending the outcome of the motion to withdraw (ECF No. 8). On July 6, 2018, Patterson moved to lift the stay (ECF No. 30) and the Court did so (ECF No. 38).

Respondent has now supplemented the State Court Record with documents generated on the motion to withdraw (ECF Nos. 42, 43). In particular, the Supplemental State Court Record shows that Judge Huffman denied the Motion to Withdraw January 5, 2017 (Supp. State Court Record ECF No. 42, PageID 604, et seq.) The Second District affirmed that decision March 9, 2018. *State v. Patterson*, 2nd Dist. Montgomery No. 27423, 2018-Ohio-872 (Mar. 9, 2018), *appellate jurisdiction declined*, 152 Ohio St. 3d 1491 (2018).

Petitioner then filed a Motion to Amend (ECF No. 39). Despite the fact that it is defective in form, the Magistrate Judge granted this motion (ECF No. 47). As amended, his original claims have an added assertion of actual innocence and he makes clear the claims are brought under the United States Constitution. In addition, he adds a new claim as follows:

> **Ground Three[1]:** Mr. Patterson's U.S. Constitutional right to due process was violated when Mr. Patterson presented new evidence that amounts to actual innocence warranting withdrawal of plea and state courts refused to address on the merits via *res judicata*.
>
> **Supporting Facts:** Mr. Patterson relies on several factors including his document numbers 33, 35, and 36.

(Motion, ECF No. 39, PageID 574.)

# Analysis

---

[1] Mr. Patterson labels this "New Claim." For consistency of reference, the Magistrate Judge adds the "Ground Three" label.

**Ground One:  Ineffective Assistance of Trial Counsel**

In his First Ground for Relief, Patterson claims he received ineffective assistance of trial counsel when his first trial attorney, H. Charles Wagner, coerced him to plead guilty.  Respondent defends this claim on the merits (Return, ECF No. 6, PageID 458- 67).

Under the Sixth Amendment to the United States Constitution, any person charged with a criminal offense which carries a possible jail sentence is entitled to the effective assistance of counsel in his or her defense.  *Powell v. Alabama*, 287 U.S. 45 (1932) (capital cases); *Gideon v. Wainwright*, 372 U.S. 335 (1963) (felony cases); *Argersinger v. Hamlin,* 407 U.S. 25 (1972) (misdemeanor cases where imprisonment is a possibility); *Alabama v. Shelton,* 535 U.S. 654 (2002) (even if sentence is suspended).

Both parties agree that the correct federal standard for deciding a Sixth Amendment claim of ineffective assistance of trial counsel is enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984), where the Supreme Court held:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.  In other words, to establish ineffective assistance, a defendant "must show both deficient performance and prejudice."  *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing*

*Knowles v. Mirzayance,* 556 U.S. 111, 122 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 A.L.R. Fed 218 (orig. published 1976).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 101 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

The first state court to pass on this claim was the Montgomery County Common Pleas Court. In her Decision, Order and Entry Overruling Motion to Withdraw Plea, Judge Huffman

cited *Strickland* as providing the controlling standard for ineffective assistance of trial counsel (State Court Record, ECF No. 5, PageID 80). Judge Huffman recites at length the testimony she heard in the hearing on that Motion. In part Patterson, claimed he was in California on the date of the crime, but investigation proved his alibi to be false and Mr. Wagner found it "challenging."

Mr. Wagner acknowledged his awareness of the Affidavits of James and Charlene Easterling, recanting in 2013, the identifications they had made of Patterson as one of the perpetrators about eighteen months after the crime. He had told Patterson these Affidavits were "very suspect," even though they were printed for signature on his office pleading paper. Patterson had filed the affidavits with the court without Wagner's knowledge. *Id*. at PageID 85.

Judge Huffman then recited the lengthy plea negotiations that took place on the date of the plea, including a number of offers and counter-offers. *Id.* at PageID. 87. The State's final offer was of a sentencing range of three to nine years. Wagner testified that he told Patterson that a three-year sentence was unlikely, but he also did not believe the court would impose nine years. *Id.* Patterson, in contrast, testified Wagner promised him a three-year sentence, but Judge Huffman credited Wagner's testimony over Patterson's. She noted that Patterson had James Easterling's Affidavit before he pleaded. *Id.* at PageID 89. While Wagner admitted he was frustrated at Patterson's filing the affidavits *pro se*, he testified he never threatened to withdraw. *Id.* at PageID 90.

Judge Huffman also recounted the plea colloquy. *Id.* at PageID 91-92. She then denied the Motion, finding Patterson "merely had a change in heart," apparently being influenced by unnamed other attorneys who said they could do better. *Id.* at PageID 93. She particularly noted Mr. Wagner's very significant criminal experience. *Id.* She noted that Patterson had not obtained any new evidence after his plea. *Id.* The Easterling Affidavits would have been of limited

7

impeachment value and other participants in the crime, Lloyd Jefferson and James Harris, were prepared to testify for the State. Finally, Judge Huffman did not accept Patterson's claims that Wagner had pressured him. *Id.*

On appeal the Second District recited at length the findings Judge Huffman had made. *State v. Patterson*, 2014-Ohio-4962, at ¶¶ 12-17. The claim of ineffective assistance of trial counsel was the Second Assignment of Error and the Second District decided it on merits, applying *Strickland. Id.* at ¶ 19. It concluded, as had Judge Huffman, that Mr. Wagner had not performed deficiently. *Id.* at ¶¶ 20-21.

In his Traverse, Patterson again blames Wagner for downplaying the Easterling Affidavits (Traverse, ECF No. 7, PageID 484). But the Magistrate Judge concludes the state courts' decisions in that regard are quite reasonable. Patterson believes that if Wagner had followed through with a motion to suppress, the earlier identifications would have been suppressed. *Id.* But he offers no reasonable basis for that conclusion. As Judge Huffman found, the new affidavits would have been useful for impeachment at most. Wagner was just giving good legal advice when he told Patterson that the Easterling Affidavits were of questionable use, particularly because Patterson had been in prison with James Easterling.

Patterson does not deny the facts recited by Judge Huffman about the back-and-forth of the plea bargaining and how Patterson took an active part. Nothing Patterson testified to in the hearing on the motion to withdraw begins to support a claim that Wagner coerced him. Judge Huffman had competing testimony on whether Wagner threatened to withdraw and she was properly placed to decide as between the two witnesses. He himself was prepared to accept a three-year sentence which is inconsistent with his claim now that he is actually innocent, a claim he never made at the time of the plea or sentencing.

8

In his amendment to the Petition, Patterson adds to this First Ground for Relief the allegation that he is actually innocent. A claim of actual innocence alone is insufficient to warrant habeas relief. *Herrera v. Collins*, 506 U.S. 390 (1993).

> Case law in the Sixth Circuit establishes that the Supreme Court of the United States has never recognized a free-standing or substantive actual innocence claim. *Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007), *citing Zuern v. Tate*, 336 F.3d 478, 482, n.1 (6th Cir. 2003), and *Staley v. Jones*, 239 F.3d 769, 780, n.12 (6th Cir. 2001). The Supreme Court has twice suggested that a "truly persuasive demonstration" of actual innocence would render a petitioner's execution unconstitutional. *Herrera v Collins,* 506 U.S. 390, 417 (1993); *House v. Bell*, 547 U.S. 518 (2006).

*Raymond v. Sheets*, No. 2:10-cv-187, 2012 U.S. Dist. LEXIS 160374, *26-27 (S.D. Ohio Nov. 8, 2012) (Merz, Mag. J.), *report and recommendations adopted at* 2013 U.S. Dist. LEXIS 22991 (S.D. Ohio Feb. 20, 2013) (Frost, J.); *Stojetz v. Ishee*, No. 2:04-cv-263, 2014 U.S. Dist. LEXIS 137501, *185-86 (S.D. Ohio Sept. 24, 2014) (Frost, J.), *aff'd*, 892 F.3d 175 (6th Cir. 2018). To the extent Patterson is making a free-standing claim that he is entitled to habeas corpus relief because he is actually innocent, his amended claim in that respect fails to state a claim upon which relief can be granted. The accepted use of an actual innocence claim in habeas corpus is to allow a petitioner to avoid a procedural bar such as procedural default or the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383 (2013). Patterson's claim of actual innocence in this sense is irrelevant to his First Ground for Relief because the State does not assert any procedural bar, but defends on the merits.

In sum, Patterson has not shown Wagner provided ineffective assistance of trial counsel. Judge Huffman's and the Second District's decision on the ineffective assistance of trial counsel claim are objectively reasonable applications of Strickland. Ground One should therefore be dismissed with prejudice.

9

**Ground Two: Denial of Due Process and Equal Protection Regarding Withdrawal of Plea**

In his Second Ground for Relief, Patterson claims the Second District denied him due process and equal protection when it upheld Judge Huffman's decision to deny the plea withdrawal motion.

Respondent asserts this claim was never fairly presented to the Ohio courts as a federal constitutional claim. In his Traverse, Patterson asserts repeatedly that he presented this as a federal claim under *Strickland, supra*.

Patterson's First Assignment of Error on direct appeal reads "The trial court abused its discretion in overruling Patterson's motion to withdraw his plea." (Appellant's Brief, State Court Record, ECF No. 5, PageID 126). Not a word is said about either the Due Process Clause or the Equal Protection Clause of the Fourteenth Amendment. Only state court cases are cited. *Id.* at PageID 123-24.

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792-93 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

The phrase "abuse of discretion" does not raise a federal constitutional issue for

consideration by the state courts. Indeed, if Judge Huffman had abused her discretion, that would not raise a constitutional claim. Abuse of discretion is not a denial of due process. *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995).

Because he did not fairly present this claim to the Second District as a federal constitutional claim, Patterson has procedurally defaulted the claim.

As noted above, evidence of actual innocence can excuse a procedural default, providing a "gateway" through which a federal court can reach the merits of a claim.

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo,* 513 U.S. 298, 316 (1995). "Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005). Evaluated under this standard, Patterson's evidence of actual innocence as it relates to the Second Ground for Relief falls short. First of all, the Easterling Affidavits do not constitute either scientific or physical evidence at all. Second, they do not constitute new trustworthy eyewitness accounts in part because they are not new: Patterson knew of them and filed them *pro se* **before** he pleaded guilty. Third, they are not

11

particularly trustworthy – they are recantations of identifications made after Patterson spent time in prison with one of the affiants. "Recanting affidavits and witnesses are viewed with extreme suspicion." *United States v. Chambers*, 944 F.2d 1253, 1264 (6th Cir. 1991), *superseded by statute on other grounds as recognized in Moore v. Woods*, No. 18-13156, 2018 WL 3089822 (6th Cir. Jun. 20, 2018); *accord: United States v. Willis,* 257 F.3d 636, 645 (6th Cir. 2001); *United States v. Lewis*, 338 F.2d 137, 139 (6th Cir. 1964). Patterson gives this Court no good reason to overcome Judge Huffman's suspicion of the recantations.

Even if this Second Ground for Relief were not procedurally defaulted, it is without merit. Patterson cites no decision of the United States Supreme Court clearly establishing that there is either a due process or an equal protection right to withdraw a guilty plea prior to sentencing, so long as the plea has been entered knowingly, intelligently, and voluntarily.

The Second Ground for Relief should therefore be dismissed with prejudice.

**Ground Three: Due Process Violation in Denying Second Motion to Withdraw Plea**

In his Third Ground for Relief, recently exhausted in the state courts, Patterson claims he was denied due process when Judge Huffman again denied his motion to withdraw his plea despite his presentation of new evidence.

Having recited the relevant procedural history, Judge Huffman recited the relevant contents of the affidavits of Shawne McLean and Michael B. Harrison (Decision, Order and Entry, Supp. State Court Record, ECF No. 42, PageID 606-07). She then decided that because her prior decision denying withdrawal had been affirmed on appeal, her court lacked jurisdiction to consider Patterson's second motion. *Id.* at PageID 612. The Second District concurred "with the trial

court's determination that it lacked jurisdiction to entertain Petitioner's March 30, 2016, motion to withdraw plea." *State v. Jackson*, 2nd Dist. Montgomery No. 27423 (Mar. 9, 2018,) citing *State ex rel Special Prosecutors v. Judges, Court of Common Pleas,* 55 Ohio St. 2d 94 (1978) (copy at Supp. State Court Record ECF No. 42, PageID 685 et seq.).

Patterson suggests in his Motion to Amend that Judge Huffman's rationale for refusing to address the merits of his second motion to withdraw was *res judicata* (ECF No. 39, PageID 574). However neither she nor the Second District mentions *res judicata.*

Patterson makes this new claim under the Due Process Clause, but he cites no decisions from the United States Supreme Court which have held that state trial courts must consider on the merits a second motion to withdraw a guilty plea, made after the conviction based on that plea has been affirmed on appeal. Therefore Patterson's Third Ground for Relief is without merit.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition herein, as amended, be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

August 17, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).